In the Matter of the Claim of GERTRUDE LAWRENCE, Respondent, against ST. MARY'S HOSPITAL OF TROY et al., Appellants, and INDUSTRIAL LUNCHEON SERVICE, INC. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— On October 1, 1953 the claimant fell injuring her back and left leg. Glens Falls Indemnity Co. was the carrier for this accident. The claimant was awarded compensation for total and partial disability from October 7, 1953 to February 8, 1954 at which time she went to work at St. Mary's Hospital. From that time on she received reduced earnings awards, her pay at St. Mary's being less than it was before the accident. On March 20, 1954 while working at St. Mary's the claimant fell injuring her back and her right leg. For this accident the Hartford Accident and Indemnity Company was the carrier. Hartford paid compensation for total disability from March

21 to April 7, 1954 and payments were then stopped on the basis of the attending physician's report that the claimant would be able to resume work on April 7. From April 7 to May 8, 1954 Glens Falls paid the claimant compensation for reduced earnings. From May 8 on payments were made by Glens Falls for reduced earnings and/or partial disability but without prejudice to its being later reimbursed by Hartford should it be found that part of the disability was due to the second accident. The Referee decided that the claimant's disability was caused by both accidents and made an award accordingly. This decision and award was affirmed by the board and Hartford appeals therefrom. The appellant argues that there is no medical proof of a disability causally related to the accident of March 20, 1954. The question presented here is whether there is any substantial evidence to support the finding that both accidents were responsible for the disability. The claimant testified that in the second fall she hurt the same part of her back as in the first and that her complaints of pain in her back and left leg were the result of her first accident and not the second. Dr. Jaffarian, who treated the claimant for both accidents, said that to pinpoint the areas of the back involved, they were different. The first accident involving the left hip and back and the second the lumbosacral vertebrae. He stated that when he last examined her for the second accident, on March 30, 1954, her complaints from that accident were gone and her complaints were from the first accident. Dr. Shields examined the claimant for Glens Falls on January 4, 1954 and January 17, 1955. At the later date he received no history of the second accident from the claimant. When told of the second accident at the hearing he was of the opinion that neither accident caused claimant's disability but rather that it resulted from abdominal adhesions which she had and which were unrelated to her work. A Dr. Talin examined the claimant on August 7, 1954 and only received a history of the first accident. The complaints at that time were of left low backache and numbness in the left leg. Dr. Hughes, a board doctor, found a permanent partial disability due to low back strain and left sciatica, probably resulting from both accidents. That pain was present in the lumbosacral region which was not present following the first accident. He did say, however, that if both the claimant and her doctor were going to say there was no disability from the second accident, then he could not say that there was. This qualification, which preceded the testimony above, went to the weight of his testimony. If the board chose to accept the testimony of Dr. Hughes in this factual controversy, they were entitled to do so. His testimony constituted substantial evidence, in our view, which we may not reject as a matter of law. Decision and award unanimously affirmed, with costs to respondents against appellants. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.